IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRANDEE WHITE, *et al.*, | : Case No. 1:15-CV-00555 |
| | : |
| | : Judge Susan J. Dlott |
| Plaintiffs, | : Magistrate Judge Karen L. Litkovitz |
| | : |
| vs. | : |
| | : |
| MOBILE CARE EMS & TRANSPORT, INC., *et al.*, | : |
| | : STIPULATED PROTECTIVE ORDER |
| | : |
| Defendants. | : |

Plaintiff United States of America, Plaintiffs/Relators Brandee White, Laura L. Cunningham, and Jeffery M. Wisler, Defendant Mobile Care EMS & Transport, Inc., and Defendant LogistiCare Solutions, LLC (each a "Party" and together, the "Parties") desire to facilitate discovery in this matter while preserving their private, confidential, and proprietary information as defined herein and, therefore, move the Court to adopt this Stipulated Protective Order. Pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, it is agreed by the Parties, and hereby **ORDERED, ADJUDGED, and DECREED**, by this Court, that:

1. <u>Scope</u>. This Stipulated Protective Order (the "Order") governs the handling of documents, testimony, and other information, including all copies, excerpts, and summaries thereof, defined below as "Confidential Material," that the Parties produce or that any nonparties produce in this action pursuant to a subpoena. This Order also governs filing of documents. This Order is a qualified protective order, as defined in 45

C.F.R. §164.512(e)(1)(v), in that the Order prohibits the Parties from using or disclosing Protected Health Information ("PHI"), as defined under the Health Insurance Portability and Accountability Act of 1996, Pub. L. 104-191, and the applicable regulations at 45 C.F.R. Parts 160, 162, and 164, for any purpose other than this action, and further requires the return or destruction of PHI (including all copies made) at the conclusion of the action.

2. <u>Confidential Material Defined</u>. Any documents or information that a Party believes in good faith contains PHI; private information the confidentiality of which the asserting party has an obligation, legal duty, or right to protect; or trade secrets, confidential research, development, or commercial information, may be designated as Confidential Material subject to this Order and shall not be used except in connection with the litigation of this case as authorized by this Order. Under these same conditions any nonparty in receipt of a subpoena issued in this case may also designate any documents, electronic information, or testimony that they produce as Confidential Material that will be subject to this Order.

3. <u>Access to Confidential Material</u>. Confidential Material produced by a Party or nonparty may be inspected only by the Parties, their counsel, paralegals and clerical employees of the Parties' counsel, designated persons retained by the Parties to furnish expert services or advice or to give expert testimony in this Action, and deposition or trial witnesses. Designated experts shall not inspect or review any Confidential Material until they have signed the Acknowledgment (attached hereto as Exhibit A) prior to reviewing the Confidential Material or have been so instructed by the Court in the case of trial

witnesses. Any additional disclosure of Confidential Material shall take place only pursuant to agreement of counsel, or, absent agreement, pursuant to an order of the Court upon motion duly made. Nothing herein shall preclude or prevent the Parties from using their own Confidential Material for any purpose in any fashion.

4. <u>Manner of Designation</u>. Confidential Material shall be designated in any of the following ways:

   (a) With regard to documents, the designation shall be made by placing the legend "Confidential" or "Confidential – PHI" on the pages of any such document prior to its production. The designation of confidentiality shall be made by placing or affixing a stamp or marking on the upper, lower, or side margin of the document (in such a manner as will not interfere with the legibility thereof) providing notice that the document is Confidential and identifying the designating party (e.g., "Confidential – Mobile Care").

   (b) Any party may designate as "Confidential" any document, information, or testimony. Any nonparty may designate as Confidential any document, information, or testimony that they produce. Such party or nonparty is referred to as the "Designating Party." Only information that the Designating Party in good faith believes is confidential may be designated as Confidential.

   (c) A Designating Party may designate electronic documents produced in a native format, such as Excel spreadsheets, as "Confidential" or "Confidential – PHI" by putting the designation on a slip sheet that

corresponds with the natively produced document and identifying by bates number in a cover letter accompanying the production of the documents or information which native files are designated as Confidential Material. A party may also indicate in the file name of a native file that it contains confidential information, but only if the party can do so without concealing, altering, or destroying any of the native file's metadata. If changing the file name in this fashion conceals, alters, or destroys metadata, then the party may not add a Confidential designation to the file name. When a native file is printed for use in a deposition, for filing under seal, or for any other use by anyone other than counsel in this case and their employees, then the party using the document will mark the printed document as "Confidential."

(d) With regard to deposition transcripts and any document used during a deposition including, but not limited to, any document marked as an exhibit during a deposition, the designation can be made by a Designating Party no later than 15 business days after receipt of the deposition transcript or the entry of this Order, whichever is later, by providing written notice to the other Parties that all or any portion of the deposition transcript, including any exhibit thereto, be designated as Confidential Material under the terms of this Order. Prior to the expiration of this 15-day period, all transcripts and the information contained therein, in whatever form, shall be deemed Confidential Material under the terms of this Order. All copies

of deposition transcripts that contain Confidential Material shall be prominently marked "Confidential" or "Confidential – PHI" on the cover thereof, also indicating the name of the party designating the document as confidential, *e.g.*, "Confidential – Mobile Care."

(e) With respect to written discovery answers and responses, the designation of confidentiality shall be made in the written response. The cover sheet of the discovery answers and responses and each page containing Confidential Information shall be identified by marking as provided in paragraph 4.a. above.

5. <u>Challenging Confidential Designations</u>. A Party shall not be obligated to challenge the propriety of a designation of information as Confidential Material under this Order at the time made, and failure to do so shall not preclude a subsequent challenge thereto. If any Party disagrees at any stage of the proceedings with such a designation, that Party shall provide to the Designating Party written notice of its disagreement. The Parties shall first try to resolve such dispute in good faith on an informal basis pursuant to S.D. Ohio Civ. R. 37.1 and the Court's standing orders. If a motion is ultimately filed, the document or information shall be kept confidential pending ruling on the motion. The Designating Party or other Party seeking to have information treated as Confidential Material shall have the burden of establishing for the Court the basis or need for confidentiality. The Parties shall comply with S.D. Ohio Civ. R. 5.2.1 and the Court's standing orders when filing information as Confidential Material under seal.

6. <u>Failure to Make Designation:</u> If, at any time, a Party or nonparty discovers that it produced or disclosed Confidential Material without designation, it may promptly notify the receiving Party and identify with particularity the information to be designated. The receiving Party may then request substitute production of the newly-designated information. Within 30 days of receiving the claw-back notification, the receiving Party must (1) certify to the Designating Party it has appropriately marked or, if substitute production has been requested, destroyed all unmarked copies that it received, made, and/or distributed; and (2) if it was practicably unable to mark or destroy any information because disclosures occurred while the receiving Party was under no duty of confidentiality under the terms of this Order regarding that information, the receiving Party must reasonably provide as much information as practicable to aid the Designating Party in protecting the information, consistent with the receiving Party's attorney-client, work-product, and/or trial-preparation privileges.

7. <u>Filing of "Confidential" or "Confidential – PHI" Documents Under Seal.</u> The Parties will follow Southern District of Ohio Local Rule 5.2.1. regarding the filing of sealed documents. To the extent that a brief, memorandum, or pleading references or attaches any document marked as "Confidential" or "Confidential – PHI," then that party must first seek leave of the Court, by motion, to file the document under seal in accordance with S.D. Ohio Civ. R. 5.2.1(a) and the Court's standing orders. If the filing party is the Designating Party, their motion shall state the legal basis for filing under seal. If the filing party is not the Designating Party, the filing party's motion shall refer to this order, shall state the designation (e.g. "Confidential" or "Confidential – PHI,") and shall

25790487.1

name the Designating Party. The Designating Party shall file a response stating the legal basis for filing under seal. The filing party shall deliver a courtesy copy of any document filed under seal to the judicial officer's chambers (or by electronic mail if the documents proposed to be filed under seal are no more than 10 pages) and shall serve counsel for the other parties via electronic mail. If a nonparty designated the document or information as Confidential Material, then the filing party will also send a copy of the motion to the designating nonparty via electronic mail. In no circumstances shall a document be filed under seal without Court permission.

8. <u>Documents Filed Under Seal.</u> In the event the Court grants leave to file a document under seal, counsel shall prepare two versions of the document, a public and a confidential version. The public version shall contain a redaction of references to "Confidential" or "Confidential – PHI," documents. The confidential version shall be a full and complete version of the document and shall be filed under seal in accordance with Local Rule 5.2.1.

9. <u>In-Court Use of Designated Information.</u> If information designated as Confidential Material pursuant to this Order will or may be offered in evidence at a hearing or trial, then the offering Party must give advance notice to the Designating Party prior to offering the information so that any use or disclosure may be addressed in accordance with the Court's case-management or other pre-trial order, or by a motion for order *in limine*.

In the event that any Confidential Material is used in any Court proceeding herein, it shall not lose its confidential status through such use, and the Parties shall take such

25790487.1

steps reasonably required to protect its confidentiality during such use. All documents encompassed by the terms of this Order shall be submitted to the Court's chambers under seal, and any and all references to such documents in any motion or memoranda shall identify the documents as presented under seal.

Should any document or information be ruled not entitled to protection under the Protective Order by the Court or is publicly filed or publicly used in Court pursuant to the procedures outlined in this Protective Order, then no party has any further obligation to keep that document or information confidential under the terms of this Protective Order.

10. <u>Withdrawal of Designation or Consent to Disclosure or Use</u>. A designating Party may withdraw its Confidential designation or may consent to the disclosure or use of such information beyond the terms of this Protective Order, without prejudice to any designation by any other party, by so notifying all parties to this action in writing or on the record of a deposition or court proceeding. However, documents or information previously designated as Confidential will continue to be considered "Confidential" subject to this Protective Order for seven (7) days following such notice of withdrawal being provided to all parties to this Action. This will allow any other party time to consider whether they would like to designate the document as "Confidential."11.

11. <u>Handling Confidential Material Upon Conclusion of Action</u>. The termination of proceedings in this Action shall not relieve any person to whom Confidential Material has been disclosed from the obligations of this Order, unless the

Court orders otherwise. All Confidential Material (including all copies thereof) shall be returned to the producing Party or nonparty or destroyed at the conclusion of the action.

12. <u>Miscellaneous Provisions</u>.

(a) Nothing herein shall preclude any Party or nonparty from seeking and obtaining, upon an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material.

(b) Any party may apply to the Court, on reasonable notice to all counsel of record, for relief from or modification of any provision of this Order.

(b) Nothing contained herein shall prejudice the right of any Party to object to the admissibility of the Confidential Material subject to this Order for any reason permissible under applicable law. The Parties do not waive any privilege or objection which they may have regarding Confidential Material in agreeing to this Order.

(c) The Parties, by agreeing to this Order, are not waiving any rights they may have to obtain information or materials, in whatever form, through the discovery rules as embodied in the Federal Rules of Civil Procedure.

13. The terms of this Order shall continue unless and until modified and or terminated by further order of this Court or agreement of the Parties.

_____
United States ~~District~~ Judge
Magistrate

| | |
|---|---|
| s/ Erin M. Campbell | s/ Chad R. Ziepfel |
| James B. Helmer, Jr. (0002878)<br>Robert M. Rice (0061803)<br>Erin M. Campbell (0079083)<br>James A. Tate (0085319)<br>HELMER, MARTINS, RICE & POPHAM Co., LPA<br>600 Vine Street, Suite 2704<br>Cincinnati, Ohio 45202<br>Telephone: (513) 421-2400<br>Fax: (513) 42107902<br>jhelmer@fcalawfirm.com<br>jpopham@fcalawfirm.com<br>ecampbell@fcalawfirm.com<br>jtate@fcalawfirm.com<br>*Attorneys for Relators Brandee White, Laura L. Cunningham, and Jeffery Wisler* | Chad R. Ziepfel (0084274)<br>Sanna-Rae Taylor (0091302)<br>TAFT STETTINIUS & HOLLISTER LLP<br>425 Walnut Street, Suite 1800<br>Cincinnati, Ohio 45202<br>Phone: (513) 357-9368<br>Fax: (513) 381-0205<br>cziepfel@taftlaw.com<br>srtaylor@taftlaw.com<br>*Attorneys for Defendant Mobile Care EMS & Transport, Inc.* |
| s/ Margaret A. Castro | s/ Carolyn A. Taggart |
| Margaret A. Castro (0078968)<br>Assistant United States Attorney<br>221 East Fourth Street, Suite 400<br>Cincinnati, Ohio 45202<br>Phone: (513) 684-3711<br>Fax: (513) 684-6972<br>Margaret.Castro@usdoj.gov | Carolyn A. Taggart (0027107)<br>Kathleen M. Brinkman (0016269)<br>Zachary A. El-Sawaf (0089524)<br>PORTER WRIGHT MORRIS & ARTHUR LLP<br>250 East Fifth Street, Suite 2200<br>Cincinnati, Ohio 45202-5118<br>Phone: (513) 369-4231<br>Fax: (513) 421-0991<br>kbrinkman@porterwright.com<br>ctaggart@porterwright.com<br>zelsawaf@porterwright.com<br>*Attorneys for Defendant LogistiCare Solutions, LLC* |

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* BRANDEE WHITE, *et al.*, | : Case No. 1:15-CV-00555 : |
| Plaintiffs, | : Judge Susan J. Dlott : Magistrate Judge Karen L. Litkovitz : |
| vs. | : : |
| MOBILE CARE EMS & TRANSPORT, INC., *et al.*, | : : ACKNOWLEDGMENT OF : STIPULATED PROTECTIVE ORDER |
| Defendants. | : |

The undersigned states that he/she has read the Stipulated Protective Order in the above-captioned case ("Protective Order") and that in return for the right to have access to the Confidential Materials as defined in Paragraph 2 of the Protective Order, acknowledges that he/she has been provided with, has reviewed and understands, and agrees to comply with the terms of the Protective Order. The undersigned further acknowledges that he/she may be punished for contempt of court for violating the Protective Order.

By: _____

Name: _____

Date: _____

25790487.1